IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan McAllister, Sr., | ) |
| Petitioner, | ) CIV 13-01042 PHX JAT MEA |
| v. | ) REPORT AND RECOMMENDATION |
| Charles L. Ryan, Arizona Attorney General, | ) |
| Respondents. | ) |

**TO THE HONORABLE JAMES A. TEILBORG:**

On May 21, 2013, Petitioner, proceeding pro se, filed a petition (including three hundred pages of attachments) seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis*. Petitioner challenges his 2008 conviction by a Maricopa County Superior Court after a jury trial. Petitioner was, at the time he filed his habeas petition, incarcerated in Kingman, Arizona, serving a 6.5 year sentence imposed December 5, 2008.

> In Ground One, Petitioner alleges violations of the Fifth, Sixth, and Fourteenth Amendments and the Due Process Clause and asserts that there was prosecutorial and judicial misconduct in his criminal trial. In Ground Two, Petitioner asserts that there was a lack of jurisdiction because of an invalid indictment, that the grand jury selection process violated his Fifth Amendment rights, that the grand jury was biased, and that there were "inconsistencies of the date the

1     indictment was issued and/or received."
2     In Ground Three, he contends that he received ineffective assistance of trial counsel. In Ground Four, Petitioner claims that the trial court violated his rights to due process and a fair trial by failing to order sua sponte a psychiatric examination after the court learned of Petitioner's long history of serious mental illness. In Ground Five, he asserts that a constructive amendment of the indictment without reconvening the grand jury violated the Fifth Amendment Grand Jury Clause. He also asserts that his appointed counsel failed to turn over Petitioner's case file after the court permitted him to proceed in propria persona and that the prosecutor served documents on Petitioner's advisory counsel, not Petitioner. In Ground Six, Petitioner contends that he received ineffective assistance of appellate counsel and that his appellate counsel violated the procedural rules of conduct.

Doc. 5.

In an order issued May 29, 2013, the Court ordered Respondents to answer the petition. See id. On July 3, 2013, the Magistrate Judge granted Respondents' motion seeking additional time to answer the petition, Respondents having averred that Petitioner was still exhausting his federal habeas claims in the Arizona state courts.

On April 14, 2014, Respondents further averred:

    Respondents respectfully request a second extension of time to file an answer or other dispositive pleading to Petitioner's Petition for Writ of Habeas Corpus until 40 days after either: 1) the time expires for Petitioner to petition the Arizona Supreme Court to review the Arizona Court of Appeals' decision affirming the trial court's denial of post-conviction relief, or 2) if McAllister files a petition for review, the Arizona Supreme Court issues a decision. On November 30, 2012, McAllister filed a petition for review in the Arizona Court of Appeals

-2-

> challenging the state trial court's dismissal of his petition for post-conviction relief. (ECF Doc. # 14, at Attachment 1.) McAllister filed the instant habeas corpus petition in this Court on May 21, 2013, while his state-court petition for review was still pending. (ECF Doc. # 1.) ...
> The Arizona Court of Appeals issued a decision affirming the trial court's denial of post-conviction relief on April 9, 2014. (Attachment 1.) McAllister has 30 days from that date—until Friday, May 9—to petition the Arizona Supreme Court to review the decision of the Arizona Court of Appeals. See Ariz. R. Crim. P. 32.9(c) (30-day time limit to file petition for review).

Doc. 18.

In an order issued April 14, 2014, the Magistrate Judge extended the time allowed Respondents to answer the petition until forty days after the time expired for Petitioner to seek review by the Arizona Supreme Court in his Rule 32 action. See Doc. 19.

On May 6, 2014, Respondents docketed a notice (Doc. 21) that they were unable to serve pleadings on Petitioner because mail sent to Petitioner at the Kingman prison was returned as undeliverable because Petitioner had been released from custody. A second such notice (Doc. 21) was docketed May 22, 2014. On May 22, 2014, the Clerk of the Court docketed notice that mail sent to Petitioner was returned as undeliverable and not forwardable.

The Court's service order states, under the heading "Warnings," that:

> A. Address Changes
> Petitioner must file and serve a notice of a change of address in accordance with Rule

-3-

> 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.
> ***
> C. Possible Dismissal
> If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Doc. 5.

Respondents have provided evidence that Petitioner was released from Arizona Department of Corrections' custody on April 11, 2014. <u>See</u> Doc. 20, Exh. B. Rule 83.3(d) of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, provides:

> Notice of Name and Address Changes. An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than fourteen (14) days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within seven (7) days after the effective date of the change. A separate notice must be filed in each active case.

Petitioner has not complied with the Court's order at Doc. 5, requiring that he comply with the local rule regarding a change of address.

Petitioner has a general duty to prosecute this case. See <u>Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978) (so holding in a prisoner section

-4-

1983 action). The Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to keep the Court informed of his new address may be construed as a failure to prosecute his habeas claims.

> The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).

> Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion."

Id. at 633.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the Court's local rules, or failure to comply with the Court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002) (affirming district court's dismissal for failure to prosecute when habeas petitioner failed to file a first amended petition).

The Court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61. Accord Pagtalunan, 291 F.3d at 642–43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

In the sixty days since Petitioner was released from ADOC custody he has not notified the Court of his change of address and pleadings and orders may not be served on Petitioner.  Without Plaintiff's current address, certain alternatives to dismissal are bound to be futile.  Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a

-6-

round trip tour through the United States mail." 856 F.2d at 1441.

**IT IS THEREFORE RECOMMENDED that**, pursuant to Rule 41(b), Federal Rules of Civil Procedure, this action be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to

appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 18th day of June, 2014.

*Mark E. Aspey*
Mark E. Aspey
United States Magistrate Judge