**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathan McAllister, Sr., | ) | No. CV 13-1042-PHX-JAT |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

On June 18, 2014, Magistrate Judge Aspey issued a Report and Recommendation recommending the Petition in this case be denied. (Doc. 23). The Report and Recommendation was mailed to Petitioner at his address of record, but returned undeliverable. (Doc. 24). Only July 22, 2014, this Court issued an Order adopting the Report and Recommendation (Doc. 25), which was mailed to Petitioner, but also returned as undeliverable (Doc. 28). In this Court's Order of May 29, 2013, this Court advised Petitioner that it was his responsibility to keep his address current with the Court and warned him that the failure to do so could ultimately result in the dismissal of his case. (Doc. 5 at 2).

Following the Court issuing its final judgment (Doc. 26), on July 23, 2014 Petitioner filed a notice of change of address (Doc. 27). On July 24, 2014, the Court's internal record reflects that the Clerk of the Court re-mailed the Report and Recommendation (Doc. 23), this Court's Order adopting the Report and Recommendation (Doc. 25), and the Clerk's judgment

1  (Doc. 26) to Petitioner at the address listed in his change of address. These items were NOT
2  returned to the Court.

3  On April 6, 2015, over 8 months after the Clerk of the Court re-mailed the documents
4  to Petitioner at the address provided in his notice of change of address, Petitioner moved to
5  re-open this case claiming he did not know his habeas petition had been dismissed. (Doc. 29).
6  Petitioner specifically states, "The Petitioner was released [on April 11, 2014] as a homeless
7  person from the Arizona Department of Corrections and had no address where court
8  decisions could be mailed to." *Id*.

9  Petitioner's allegation is belied by the record, wherein he filed a notice of change of
10 address on July 23, 2014 (Doc. 27) and the Court re-mailed all documents to that updated
11 address. Following that re-mailing, Petitioner did not, within the time provided by Federal
12 Rule of Civil Procedure 59(e), move to re-open this case. Instead, Petitioner waited over 8
13 months (until he was in custody again), to have any interest in pursuing this case. On these
14 facts, the Court finds that Petitioner has not shown cause to re-open his habeas petition to
15 allow him to file objections to the Report and Recommendation. Therefore,

16 **IT IS ORDERED** that the motion to re-open (Doc. 29) is denied.

17 DATED this 1st day of May, 2015.

James A. Teilborg
Senior United States District Judge

- 2 -